IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MANI AKHTARI,**<br><br>        **PLAINTIFF,**<br><br>vs.<br><br>**TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, AND COLUMBIA DEBT RECOVERY, LLC DBA GENESIS,**<br><br>        **DEFENDANTS.** | CASE NO.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

NOW COMES Plaintiff, Mani Akhtari, by and through counsel, Samuel H. Johnson, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1.      Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.      This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, et seq. [hereinafter "FCRA"]) and for violation of the Fair Debt Collection Practices Act (15 U.S.C. §1692, et seq. [hereinafter "FDCPA"]).

### VENUE

3.      Venue is proper in the Northern District of Texas, Fort Worth Division, as Defendants conduct business in the State of Texas.

### PARTIES

4.      Plaintiff is a natural person residing in the City of Fort Worth, Tarrant County, Texas.

5.     The Defendants to this lawsuit are:

a. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Texas, and can be served with process by serving the Prentice-Hall Corporate System, 211 E. 7th Street, Suite 620, Austin, Texas 78701;

b. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Texas, and can be served with process by serving the C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201;

c. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Texas, and can be served with process by serving the Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701; and

d. Columbia Debt Recovery, LLC d/b/a Genesis ("Genesis") is a foreign limited liability company that conducts business in the State of Texas and can be served with process by serving The Corporation Service Company, d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## GENERAL ALLEGATIONS

6.     On or about October 29, 2019, Plaintiff entered into an Apartment Lease Contract with GUGV Victory Park Dallas Property Owning, LLC ("Creditor"). The lease term was from November 2, 2019 to November 1, 2020.

7.     On or about June 7, 2020, with the consent of Creditor's property manager, Plaintiff moved out of the property. After he moved out, he was provided with a Summary of Move Out Charges.

8. Plaintiff immediately reached out to Creditor to discuss the charges. He was assured by Nathan Weik, General Manager of Creditor on June 30, 2020, that he had approved Plaintiff's request to waive the lease termination fee of $5,030.

9. On August 4, 2023, Plaintiff was shocked to receive a debt collection notice from Genesis. Especially considering that the amount was more than double any amount conceivably chargeable.

10. On August 9, 2023, undersigned counsel sent Genesis a notice of dispute, less than a week after notice was first received by Plaintiff.

11. Genesis replied on August 17, 2023, alleging to substantiate the claim.

12. On the same date, undersigned counsel responded to Genesis reiterating Plaintiff's dispute of the debt <u>AND</u> offering to settle Genesis's claim solely for the purpose of avoiding legal fees in further dispute discussions and negotiations.

13. Neither Plaintiff nor undersigned counsel received any further communication or response from Genesis whatsoever.

14. On September 28, 2023, Plaintiff received a notification that Genesis had reported this dispute, invalid, <u>waived</u> debt to Trans Union, Equifax, and Experian (the "<u>CRAs</u>").

15. On October 4, 2023, undersigned counsel provided the 60-day notice to Genesis for violation of the Texas Deceptive Trade and Debt Collection Acts pursuant to TEX. BUS. & COM. CODE §17.46, ET AL and TEX. FIN. CODE § 392.

16. On November 22, 2023, undersigned counsel sent correspondences to Equifax, Experian and Trans Union disputing the alleged debt being reported by Genesis and demanding that the reported information be corrected and removed from Plaintiff's credit report with each organization.

17. As of the filing of this Complaint, nothing has been removed from Plaintiff's credit report and Plaintiff did not receive responses from all parties involved.

18. On or about April 10, 2024 and prior to filing this Complaint, Plaintiff obtained his credit report from the CRAs which continue to show the improper and incorrect reporting.

19. The reporting is false and misleading as Plaintiff owes nothing to Genesis. It is also depressing Plaintiff's credit score making it harder for Plaintiff to obtain consumer credit opportunities.

20. As a direct and proximate cause of Defendants negligent and/or willful failure to comply with their respective obligations under FCRA, and as a direct and proximate cause of Genesis's violation of the FDCPA, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, humiliation, embarrassment, and anxiety due to their failure to correct the errors in their credit files.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORT ACT BY TRANS UNION**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. Defendant Trans Union prepared, complied, issued, assembled, transferred, published, or other reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

23. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

24. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

25. After receiving Plaintiff's consumer dispute, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

26. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

27. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorney's fees pursuant to 15 USC 1681o.

WHEREFORE, Plaintiff prays this court grant him a judgment against Defendant Trans Union for damages, costs, interest and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORT ACT BY TRANS UNION

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Trans Union prepared, complied, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

30. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

31. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

32. After receiving Plaintiff's consumer dispute, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

34. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorney's fees pursuant to 15 USC 1681n.

WHEREFORE, Plaintiff prays this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorney's fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORT ACT BY EXPERIAN**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, complied, issued, assembled, transferred, published, or other reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

37. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

38. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

39. After receiving Plaintiff's consumer dispute, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorney's fees pursuant to 15 USC 1681o.

WHEREFORE, Plaintiff prays this court grant him a judgment against Defendant Experian for damages, costs, interest and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORT ACT BY EXPERIAN

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Experian prepared, complied, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

44. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

45. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

46. After receiving Plaintiff's consumer dispute, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorney's fees pursuant to 15 USC 1681n.

WHEREFORE, Plaintiff prays this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorney's fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORT ACT BY EQUIFAX**

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Equifax prepared, complied, issued, assembled, transferred, published, or other reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

51. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

52. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

53. After receiving Plaintiff's consumer dispute, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorney's fees pursuant to 15 USC 1681o.

WHEREFORE, Plaintiff prays this court grant him a judgment against Defendant Equifax for damages, costs, interest and attorney's fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORT ACT BY EQUIFAX

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Equifax prepared, complied, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

58. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

59. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

60. After receiving Plaintiff's consumer dispute, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorney's fees pursuant to 15 USC 1681n.

WHEREFORE, Plaintiff prays this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorney's fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GENESIS**

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. After being informed that Plaintiff disputed Genesis's alleged debt, Genesis negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b) after being notified by Plaintiff that the debt was disputed.

65. Genesis negligently failed to review all relevant information available to it and provided by CRAs in conducting its investigation as required by 15 ISC 1681s-2(b) and failed to direct the CRAs to report the correct balance.

66. The inaccurate reporting created a misleading impression on Plaintiff's consumer credit file with the CRAs to which it is reporting such tradeline.

67. As a direct and proximate cause of Genesis's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

68. Genesis is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorney's fees pursuant to 15 USC 1681o.

69. Plaintiff has a private right of action to assert claims against Genesis arising under 15 USC 1681s-2(b).

WHEREFORE, Plaintiff prays that this court grant him a judgment against Defendant Genesis for damages, costs, interest and attorney's fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORT ACT BY GENESIS

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. After being informed by Plaintiff that he disputed the accuracy of the alleged debt, Genesis willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to report same to the CRAs.

72. Genesis willfully failed to review all relevant information available to it and provided to it by CRAs as required by 15 USC 1681s-2(b).

73. As a direct and proximate cause of Genesis's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

74. Genesis is liable to Plaintiff for either statutory damages or actual damages he sustained by reason of the FCRA in an amount to be determined by the trier of fact, together with an aware of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorney's fees and costs he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Defendant Genesis for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorney's fees.

## COUNT IX

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY GENESIS**

75. Plaintiff reincorporates the preceding allegations by reference.

76. At all relevant times Genesis, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

77. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

78. Genesis is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

79. Genesis' foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of a debt after Plaintiff informed Genesis of the inaccurate balance amount on the account; and

   b. 15 U.S.C. §1692e(8) by communicating to any person credit information, which is known to be false or should be known to be false, including failure to accurately report the account balance after being asked to so by Plaintiffs

80. To date, and a direct and proximate cause of the Genesis' failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from stress and irritation.

81. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of him and against Genesis for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

**SAMUEL H. JOHNSON**
State Bar No. 24065507
**AARON B. GOTTLIEB**
State Bar No. 24069815
**BRANDY N. HOGE**
State Bar No. 24078675
**JOHNSON FRIEDMAN LAW GROUP PLLC**
16803 Dallas Parkway, Suite 320
Addison, Texas 75001
Phone: (214) 382-0300
sam@jfbusinesslaw.com
aaron@jfbusinesslaw.com
brandy@jfbusinesslaw.com
**ATTORNEYS FOR PLAINTIFF**